James N. Procter II – State Bar No. 96589
Lisa N. Shyer – State Bar No. 195238
Jeffrey Held – State Bar No. 106991
WISOTSKY, PROCTER & SHYER
300 Esplanade Drive, Suite 1500
Oxnard, California 93036
Phone: (805) 278-0920
Facsimile: (805) 278-0289
Email: Jheld@wps-law.net

Attorneys for Defendants,
   COUNTY OF VENTURA; VENTURA
   COUNTY SHERIFF'S OFFICE *(erroneously sued and served as the Ventura County Sheriff's Department)*,
   SHERIFF GEOFF DEAN, ASSISTANT SHERIFF GARY PENTIS; JOHN CROMBACH, DEPUTY DANIELLE DELPIT *[EXEMPT FROM FILING FEE – GOV. CODE §6103]*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL COSTA, Individually and as personal representative and administrator of the ESTATE OF DEVON THOMAS COSTA and JANET COSTA, an individual.<br><br>Plaintiffs,<br><br>vs.<br><br>THE COUNTY OF VENTURA; THE VENTURA COUNTY SHERRIFF'S DEPARTMENT; SHERIFF GEOFF DEAN, ASSISTANT SHERIFF GARY PENTIS; former ASSISTANT SHERIFF JOHN CROMBACH; SHERIFF DEPUTY DANIELLE DELPIT, AND SHERIFF DEPUTY DOE 1 THROUGH DOE 10, INCLUSIVE,<br><br>Defendants. | CASE NO. CV14-06955-R(Ex)<br><br>**JUDGMENT IN FAVOR OF DEFENDANTS**<br><br>[06/15/2015 Summary Judgment Hearing Transcript Attached] |

The Honorable Manuel L. Real, United States District Judge, hereby orders judgment entered in favor of defendants, Danielle Delpit, Geoff Dean, Gary Pentis, John Crombach, the County of Ventura and the Ventura County Sheriff's Office,

1

erroneously sued and served as the Ventura County Sheriff's Department, as to plaintiffs' claims 1-7, and against plaintiffs, Michael Costa, individually and as personal representative and administrator of the Estate of Devon Thomas Costa, Estate of Devon Thomas Costa and Janet Costa, an individual. The basis of this entry of judgment is the Court's ruling on June 15, 2015, granting summary judgment as to the federal claims, 1 through 7, and dismissing the supplemental claims, 8 through 11, without prejudice to re-filing in state court subject to whatever defenses the defendants may possess under state law.

Oral argument occurred in the summary judgment proceedings on June 15, 2015, before the Honorable Manuel L. Real. Plaintiffs were represented by their attorney of record, John C. Carpenter, of Carpenter, Zuckerman, & Rowley, LLP, and defendants were represented by their counsel of record, Jeffrey Held, of Wisotsky, Procter & Shyer. After hearing oral presentation from counsel, the Court stated its decision and reasons on the record. The Court adopts its statement of decision and reasons articulated on the record during the summary judgment proceeding. The Court further attaches its presentation articulated on the record to this judgment as an exhibit.

The Court determined as a matter of law that the individual defendant, Danielle Delpit, acted reasonably and justifiably when she approached and contacted Devon Costa, utilized her K-9 partner to try to subdue Devon Costa, when she fired a single gunshot at Devon Costa and when she promptly summoned medical assistance for Devon Costa soon after he stopped fighting her K-9 partner after he had been shot. Danielle Delpit therefore did not violate Devon Costa's federal constitutional and civil rights.

On that basis, the other defendants are automatically exonerated because there was no constitutional violation. *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986). The federal claims having been dismissed with prejudice as to all defendants in all capacities, there is no remaining federal jurisdiction over the supplemental

claims, numbered 8 through 11, which are dismissed without prejudice.

Two specific issues emphasized by the parties merit express reference. Defendants' moving papers requested the Court to consider the opinions and reactions of the decedent, Devon Costa's, family members; these were facts 77 through 87 of the Delpit statement of uncontroverted facts and conclusions of law. The Court disagrees with defendants' analysis and declines to consider those facts and that argument. The Court considers such evidence too speculative, far afield and unrelated to information known to Danielle Delpit.

The Court based its decision upon the first 76 facts, which were not substantially controverted. These facts, in the statement of uncontroverted facts, ECF 23, were corroborated by the evidentiary submissions, ECF 31 through 34. They established that Devon Costa, an emotionally disturbed person, despite having been given several warnings and opportunities to de-escalate the situation by Danielle Delpit, and undeterred by her K-9 partner biting him, charged her, a uniformed deputy sheriff, hit her hard in her nose, and grabbed for her gun. She fired a single gunshot at Devon Costa. He continued to struggle against her K-9 partner for a substantial amount of time after being shot. As soon as he began to subside, she broke his fall and promptly summoned medical assistance which arrived soon thereafter.

The second issue is one emphasized by plaintiffs' counsel in the opposing submissions. This argument is that defendants blocked his ability to perform discovery. The Court rejects this position. Irrespective of the defense contention that the United States Supreme Court decision in *Siegert v. Gilley,* 500 U.S. 226, 232 (1991) prohibits any discovery because of the assertion of qualified immunity, and that the plaintiffs had three and a half months to have conducted discovery before the summary judgment motions were filed, the Court finds that the crucially indispensible item of evidence is the testimony of independent percipient witness, Robert Morales. Mr. Morales was a tow truck driver who witnessed the events

comprising the interaction between Danielle Delpit and Devon Costa. The defendants could not have unilaterally precluded Mr. Morales' deposition and made no effort to do so.

The Court considered the following filings, but only based its decision on items 1, 4, 5 (ECF44, 44-1 and 46) and 7.

1. Delpit summary judgment motion filings: ECF 22-24;

2. Dean-Pentis-Crombach summary judgment motion filings: ECF 25-27;

3. County of Ventura-Sheriff's Office summary judgment motion filings: ECF 28-30;

4. Exhibits in support of these motions: ECF 31-34

[Especially Exhibits S, T and U, respectively, ECF 33-4/ECF 291-293, ECF 33-5/ECF 294-312, and ECF 33-6/ECF 313-314]

5. Plaintiffs' filings in opposition, ECF 43-46;

6. Defendants' Reply, ECF 47;

7. Defendants' Provision of Post-Reply United States Supreme Court decision, ECF 49.

Items 1 through 4 were filed on April 1, 2015. The filings in item 5 were filed on May 11, 2015. Item 6 was filed on May 18, 2015 and item 7 was filed on June 5, 2015.

The Court determines the following conclusions of law to be undisputed and established:

1. Danielle Delpit's initial approach toward Devon Costa was not a seizure; she attempted to speak with him but neither ordered him to remain nor physically restrained him;

2. Deputy Delpit had a right to approach Devon Costa because he was a present danger to himself and others in his mentally disconnected frame of mind;

3. Deputy Delpit was justified in releasing her K-9 partner to apprehend and stop Devon Costa who was charging her with his fist clenched over his head,

4

disregarding her warning that he must stop or she would release the dog to bite him;

4. Deputy Delpit acted reasonably and did not violate Devon Costa's constitutional rights when she fired a single shot into his abdomen. He had charged her, disregarded her warning to stop, less intrusive alternatives such as her warning and the dog biting did not stop him, he repeatedly swung his fist at her, hit her hard in the nose, drawing blood, and attempted to grab her gun. Even after she shot him, he remained violent, swinging her K-9 partner around and threatening profanely to kill her.

5. Danielle Delpit radioed dispatch for medical assistance for Devon Costa promptly after he stopped fighting her K-9 partner, making profane death threats to her and went to the ground; the medical personnel arrived soon thereafter.

6. The absence of a constitutional violation exonerates the entity defendants, Dean, Pentis, Crombach, the County of Ventura and the Ventura County Sheriff's Department from the federal claims, with prejudice.

It is therefore ordered that judgment accordingly be entered forthwith.

All remaining litigation events and deadlines are hereby vacated.

IT IS SO ORDERED

DATED: August 18, 2015

Manuel L. Real,
United States District Judge